FERGUSON v. THE MAYOR, ALDERMEN &c. OF THE CITY OF ST. LOUIS.

In a suit against the Mayor, Aldermen &c., of the city of St. Louis, on Treasury Warrants of that City, the plaintiff should allege in his declaration a demand on the City Treasurer, and not on the defendants.

Error to the Circuit Court of St. Louis county.

*Bird for Plaintiff.*

The plaintiff here insists that his declaration is good, and

SEPT. TERM.
**1840.**

that judgment below should be reversed and final judgment given here for plff.

Ferguson.
v.
The Mayor, Aldermen &c. of the City of St. Louis

*Drake for defendant in error.*

*The declaration alleges no presentation of the warrants at the Treasury for payment.* Murray v Judah, C. Corren 490, Mohawk Bank v Broderick in 10 Wendell's R. 306, Bayley on Bills p. 219.

*Opinion of the Court by Tompkins Judge.*

Ferguson brought his action of assumpsit against the Mayor, Aldermen &c. of St. Louis. A demurrer was filed to the declaration, which the circuit court sustained, and gave judgment for the defendants. Ferguson prosecutes this writ of error to reverse that judgment.

The declaration states that the defendants were justly indebted to him in the sum of six hundred dollars, on two treasury warrants so called, drawn by Richard Dallan auditor of the City of St. Louis, one of them to pay Charles Collins, or bearer four hundred dollars for &c. out of any money in theTreasury not otherwise appropriated; the other warrant drawn by the said auditor directing the said Treasurer to pay to Charles Collins or bearer one hundred dollars for &c. out of any money in the Treasury not otherwise appropriated, both of which bore date at St. Louis &c. The declaration then goes on to state that these warrants came to the hands of the plaintiff for a valuable consideration, and that afterwards &c. the plaintiff presented the warrants to the defendants for payment who undertook, and promised to pay &c. The breach is then assigned viz: that they did not pay. The plaintiff shows on the face of the declaration that the money demanded was not the individual debt of the defendant. The demand of payment should have been made of the Treasurer, and if he did in reality demand, and the plaintiffs did literally promise as it is stated in the declaration, that promise being made without any consideratien does not entitle him to maintain an action.

He should have demanded the money from the Treasurer, the officer whose duty it was to pay. It can scarcely be credited that the plaintiff did not know that the drafts ought

'In a suit against the Mayor, Aldermen, &c., of the City of St. Louis, on Treasury warrants of that city, the plaintiff should allege in his declaration a demand on the city treasurer, and not on the defendants.

to have been presented to the Treasurer and consequently that such presentment ought to have been averred in the declaration. The circuit court in my opinion committed no error in sustaining the demurrer. The judgment of that court is then affirmed.